**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-62184-COHN/STRAUSS**

**CORONA INTERNATIONAL HOLDINGS INC, *et al.*,**

Plaintiffs,

v.

**AGCS MARINE INSURANCE CO.,**

Defendant.

_________________________________/

**ORDER**

THIS MATTER came before the Court upon Defendant's Motion to Compel Rule 35 Mental Examination and for Limited Extension of Expert, Discovery and Dispositive Motion Deadlines ("Motion") [DE 106]. The Court has carefully reviewed and considered the Motion, the Response and Reply thereto [117, 123], and all other pertinent portions of the record.

This is a breach of contract action in which Plaintiffs allege that Defendant failed to make payment under an insurance policy. Plaintiffs allege that their business premises were robbed in May 2024 by a masked gunman and that Plaintiffs' owner, Luke Corona, was forced at gunpoint to open Plaintiffs' safes and vaults. *See* Complaint [DE 1-3] ¶ 13. Defendant allegedly refused to make payment under the policy. Consequently, Plaintiffs commenced this action against Defendant, asserting claims for breach of contract and bad faith. The bad faith claim, however, has been dismissed without prejudice [DE 24].

On August 14, 2026, the deadline to disclose experts and exchange expert reports, Plaintiffs disclosed Yenys Castillo, Ph.D., a licensed psychologist, as an expert and provided an expert report from Dr. Castillo. According to Dr. Castillo's report, she "conducted a psychological evaluation

of Mr. Luke Corona to provide diagnostic impressions and to offer opinions associated how memory can function in survivors of traumatic events, including reported gaps and inconsistencies of memory." [DE 106-2] at 3. Dr. Castillo opines that: (1) "Mr. Corona does not currently meet criteria for a mood or anxiety DSM-5-TR mental disorder that would account for his reported memory difficulties"; (2) "Mr. Corona's recall of the robbery is consistent with how memory can function during a traumatic incident"; (3) "Mr. Corona's pattern of recall is not unusual in the context of trauma and is consistent with the memory processes described" in Dr. Castillo's report; and (4) "Mr. Corona's attention and memory difficulties, which predated the robbery, may have contributed to how he encoded and later remembered the event." *Id.* at 12-13.

In the Motion, Defendant asserts that Plaintiffs placed Mr. Corona's mental condition in controversy as a result of Plaintiffs' disclosure of Dr. Castillo as an expert. Consequently, Defendant requests that Mr. Corona be compelled to submit to a mental examination under Rule 35 of the Federal Rules of Civil Procedure. That rule permits the Court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). "The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." *Id.* In addition to satisfying the "in controversy" requirement, Defendant must also establish "good cause." Fed. R. Civ. P. 35(a)(2)(A); *see also Brennan v. Thomas*, 780 F. App'x 813, 818 (11th Cir. 2019) ("In ruling on a Rule 35 motion, the district court must first determine whether the movant has made an adequate showing on the 'in controversy' and 'good cause' requirements." (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964)). The "in controversy" and "good cause" requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant."

*Brennan*, 780 F. App'x at 818-19 (quoting *Schlagenhauf*, 379 U.S. at 118). Rule 35 "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf*, 379 U.S. at 118.

Here, the Motion is due to be denied for at least three separate reasons: (1) Defendant has not shown that Mr. Corona, a non-party, is in the "custody or under [the] legal control" of Plaintiffs for purposes of Rule 35; (2) Defendant has failed to satisfy the "in controversy" requirement; and (3) Defendant has failed to establish good cause.

First, Mr. Corona is a non-party. Therefore, the Court can only order Plaintiffs to produce Mr. Corona for an examination if he is in their custody or under their legal control. The Motion seems to overlook the requirement that Mr. Corona be a party or a person in the custody or legal control of Plaintiffs. Plaintiffs, on the other hand, assert in their response that Mr. Corona is a non-party and that the Motion cites no authority to show that Rule 35 applies to an individual in Mr. Corona's position. Yet, Defendant's reply again fails to address the issue. Defendant's failure to address the issue is a sufficient basis on its own to deny the Motion.[1]

[1] It is perhaps arguable whether an individual like Mr. Corona could be considered to be under the legal control of Plaintiffs for purposes of Rule 35. But the Court will not make the argument for Defendant, who failed to address the issue. At any rate, the advisory committee notes indicate that the 1970 amendments to Rule 35 – the 1970 amendments added the "custody" and "legal control" language – "will settle beyond doubt that a parent or guardian suing to recover for injuries to a minor may be ordered to produce the minor for examination" and that the amendments make "no reference to employees of a party." *See Scharf v. U.S. Atty. Gen.*, 597 F.2d 1240, 1244 (9th Cir. 1979) ("A note of the advisory committee explains that the extension to provide for a nonparty in custody or under control of a party is limited. It is intended to apply where a parent or guardian is suing to recover for injuries to a minor. It allows the court to order that the parent or guardian make a good faith effort to produce the minor for examination.").

Second, Defendant has failed to make an adequate showing that the "in controversy" requirement is met. Generally, for a mental examination to be potentially warranted, a case must include a claim for emotional distress and involve at least one of the following factors:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

*Kuminka v. Atl. Cnty. N.J.*, 551 F. App'x 27, 29 (3d Cir. 2014) (quoting *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)); *see also United States ex rel. Rosenfeld v. Univ. of Miami*, No. 12-24513-CIV, 2017 WL 11220353, at *2 (S.D. Fla. Dec. 21, 2017).

Significantly, this case does not involve a claim for emotional distress at all. Defendant acknowledges that "Plaintiffs are not seeking psychological damages," Motion at 7, but nonetheless contends that the second, fourth, and fifth factors are present here.[2] Defendant has failed to show that they are. Regarding the second factor, Defendant asserts that this case involves an allegation of "trauma-induced memory impairment and pre-existing cognitive deficits affecting perception and recall." Motion at 7-8. As an initial matter, Defendant is characterizing Dr. Castillo's report, not describing an allegation made in the pleadings. Regardless, even if the Court were to agree that this case – as a result of Dr. Castillo's report – involves an allegation of "trauma-induced memory impairment and pre-existing cognitive deficits affecting perception and recall," that is not an allegation of a *specific* mental or psychiatric injury or disorder. In fact, Dr. Castillo's report makes clear that she is not diagnosing a specific disorder.[3]

---

[2] Defendant does not contend that the first and third factors apply (and they clearly do not).

[3] *See* [DE 106-2] at 12 ("**It is my opinion that Mr. Corona does not currently meet criteria for a mood or anxiety DSM-5-TR mental disorder that would account for his reported memory difficulties.** He did not report a history of persistent anxiety or depression and did not endorse

As to the fourth factor, Defendant asserts that it is satisfied because Plaintiffs have offered expert testimony concerning Mr. Corona's mental health and cognitive functioning. But the fourth factor looks at whether a party has offered expert testimony to support a claim of emotional distress. That is plainly not the case here. Again, Plaintiffs do not assert any claim for emotional distress. Regarding the fifth factor, it is not present either. As is evident from Plaintiffs' Response to the Motion (and as Defendant surely knew before it even filed the Motion), Plaintiffs plainly have not conceded that Mr. Corona's mental condition is in controversy within the meaning of Rule 35(a). Defendant's contention to the contrary is disingenuous.

Ultimately, Rule 35(a)'s in controversy requirement is not met. To be clear, the issues raised by Dr. Castillo's expert report have made the issues discussed in the report regarding Mr. Corona relevant from a Rule 26 perspective. And that is why, as discussed below, I will provide Defendant with an opportunity to disclose a rebuttal expert and serve that expert's report. But "Rule 26 is not coextensive with Rule 35." *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 210 (5th Cir. 1990) (citing *In re Mitchell*, 563 F.2d 143, 143 (5th Cir. 1977)). "Thus, an examination not authorized under Rule 35 cannot be upheld under Rule 26." *Id.*

Nor has Defendant established good cause. The good cause and in controversy inquiries "are necessarily related." *Schlagenhauf*, 379 U.S. at 119. Like the in controversy requirement, the good cause requirement demands showing more than mere relevance. *Wrangen v. Pa. Lumbermans Mut. Ins. Co.*, No. 07-61879-CIV, 2009 WL 151715, at *5 (S.D. Fla. Jan. 16, 2009). "It is the movant's responsibility to 'produce sufficient information' for the district court to be able to determine whether good cause for the particular examination sought exists." *Id.* (citing

---

symptoms of psychosis. Determining whether he has a neurodevelopmental or neurocognitive condition, including possible cognitive effects related to his history of head injury, was beyond the scope of this evaluation.").

*Schlagenhauf*, 379 U.S. at 119). "Obviously, what may be good cause for one type of examination may not be so for another." *Schlagenhauf*, 379 U.S. at 118. "The ability of the movant to obtain the desired information by other means is also relevant." *Id.*

Here, good cause for the requested examination does not exist. For starters, the scope of the examination Defendant seeks in the Motion is extremely excessive and substantially exceeds the scope of the evaluation performed by Plaintiffs' expert. Regardless, Defendant has been able to obtain a proportional amount of information – including the medical records identified in Plaintiffs' expert report – such that Defendant will not be prejudiced at trial (especially given that Defendant will also be afforded an extension of time to serve a rebuttal expert report).

For the foregoing reasons, Defendant has failed to establish that a mental examination is warranted under Rule 35.

That leaves Defendant's request for a limited extension of the deadline to disclose rebuttal experts (and, relatedly, the expert discovery deadline) and the dispositive motions deadline. Defendant's request for an extension of the dispositive motions deadline is moot given that the District Judge has granted an extension of that deadline by separate order [DE 128]. Because Defendant apparently did not receive the medical records identified in Dr. Castillo's expert report until August 21, 2026 (the expert rebuttal deadline), good cause exists to extend the deadline for Defendant to serve an expert rebuttal report with respect to Dr. Castillo's expert report. The Motion seeks an extension to September 4, 2026. Because that date has passed, the Court will provide Defendant until September 11, 2026 to serve its expert rebuttal report. Defendant shall make its rebuttal expert available for a deposition during the week of September 14, 2026. The parties shall promptly coordinate the date and time for that deposition. If the parties are unable to

agree to a date, time, and location for the deposition, the deposition shall occur via Zoom on September 17, 2026, beginning at 9:00 a.m.

For the foregoing reasons it is **ORDERED and ADJUDGED** that the Motion [DE 106] is **GRANTED IN PART and DENIED IN PART**, as set forth above. As discussed in further detail above, Defendant may disclose its rebuttal expert and serve that expert's report by **September 11, 2026**, and any deposition of that expert shall occur during the **week of September 14, 2026**. Discovery is otherwise closed, and the Motion is denied in all other respects.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of September 2026.

**Jared M. Strauss**
**United States Magistrate Judge**